J-A14012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHERRY LYNN HARVEY | |
| Appellant | No. 1778 MDA 2013 |

Appeal from the Judgment of Sentence August 14, 2013
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s): CP-66-CR-0000229-2013

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, and STRASSBURGER,[*] JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J:**FILED DECEMBER 17, 2014**

Because the trial court abused its discretion in sentencing Appellant, I respectfully dissent.

The trial court set forth seven reasons to justify its sentence; however, five are problematic.  For its first two reasons, the trial court relied on the "serious nature of this offense" and that "the sentence includes a mandatory minimum." N.T., 8/14/2013, at 7.  Both of these factors are already part of the sentencing guidelines, and should not have been considered as reasons to sentence in the aggravated range.

In its next three reasons, the trial court relied on the facts that Appellant's actions affected the residents and corrections officers, as well as the integrity of the drug and alcohol programs at the facility.  The same

_____

[*] Retired Senior Judge specially assigned to the Superior Court.

would be true for any individual committing the crime of introducing contraband into a correctional facility, and is not individualized for this particular Appellant. Furthermore, the sentencing guidelines take these factors into account.

Because the trial judge's sentence beyond the aggravated range considered five reasons that are already factored into the guidelines, I would remand for resentencing.